# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA W. KROHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-236-FHS-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Donna W. Krohn requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of

substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1]Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born May 22, 1970, and was forty years old at the time of the administrative hearing. (Tr. 24, 91). She earned her GED (Tr. 135), and has worked as a waitress and cashier (Tr. 17). The claimant alleges inability to work since January 1, 2001 due to diabetes, a prior back injury, arthritis, high blood pressure, obesity (weighing 400+ pounds), psoriasis, high cholesterol, an enlarged heart, legs swelling, kidney infections, and headaches. (Tr. 126).

**Procedural History**

On December 15, 2006, the claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her application was denied. ALJ John W. Belcher conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated November 5, 2010. (Tr. 10-19). The Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform less than the full range of sedentary work as defined in 20 C.F.R. § 416.967(a), *i. e.*, she could lift/carry 10 pounds occasionally and less than 10 pounds frequently, stand/walk for 2 hours, and sit for 6 hours in an 8-hour workday. The ALJ imposed the additional limitations of only

occasionally climbing stairs, bending, stooping, kneeling, reaching above the head bilaterally, crouching, and crawling, but never climbing ladders, ropes, and scaffolds, balancing, working around unprotected heights, or fast and dangerous machinery. He further found that she required an air-conditioned environment due to her obesity and psoriasis. (Tr. 12). The ALJ concluded that although the claimant could not return to any past relevant work, she was nevertheless not disabled because there was work she could perform in the regional and national economy, *i. e.*, order clerk, unskilled machine operator, or unskilled assembly (Tr. 18).

## Review

The claimant contends that the ALJ erred: (i) by improperly rejecting portions of RFC assessments made by State agency physicians, (ii) by failing to assess her RFC properly in light of her severe impairment of obesity, and (iii) by improperly assessing her credibility. The undersigned Magistrate Judge finds that this case should be reversed because the ALJ failed to properly account for the claimant's obesity.

The record reveals that the claimant had the severe impairments of degenerative disc disease, status post surgery, obesity, and psoriasis. (Tr. 12). A May 2009 examination noted the claimant's weight was 374 pounds and that her appearance was abnormal due to obesity, and checked boxes stating that she received "Counseling/Education" on diet and exercise. (Tr. 215-219). On July 16, 2009, the claimant completed a multi-system review of her physical status in establishing herself as a new patient with Dr. Jayaprakash Shetty. (Tr. 206-207). Dr. Shetty noted that the claimant was morbidly obese at 366 pounds; that her physical impairments included

diabetes mellitus, obesity, psoriasis, degenerative diseases of the spine and knee; and that he discussed diet, exercise, and counseling on losing weight. (Tr. 206-207). Dr. Shetty referred the claimant to Dr. George Sidhom for pain management, and Dr. Sidhom diagnosed the claimant with chronic lower back pain with radiation into the left posterior lower extremity, clinical evidence of lumbar facet disease, clinical evidence of pain dysfunction of the left SI joint, lumbar radiculopathy, and diabetes mellitus. (Tr. 236). He recommended an MRI of the lumbar spine, BUN creatinine, and a prescription of Lortab for the pain. (Tr. 236). The record notes that x-rays were unavailable because the claimant exceeded the capacity for the machine. (Tr. 247). In November 2009, the claimant returned to the Marion County Health Clinic, at which time she weighed 356.2 pound with a BMI of 53. (Tr. 241).

Consultative Examiner Dr. Samer Choksi saw the claimant on September 10, 2009. (Tr. 221). He noted that her weight was 316 pounds; that she had psoriatic plaque in numerous places all over her body; limited range of motion in her lumbar spine, shoulders, hips, and knees; and that her gait was mildly antalgic and she avoided weightbearing on the left leg. (Tr. 223-224). Dr. Choksi attributed the claimant's inability to walk heel-to-toe to her body habitus, which also made it difficult for her to bear weight on her left lower extremity. (Tr. 224).

The claimant reported in her disability reports and in pain questionnaires that her daughter helped her with bathing and grooming, and also cleans the house and does the cooking for her. (Tr. 118, 170, 181). At the administrative hearing, the claimant testified that she suffers from frequent swelling of her feet and legs and has to lie down for

approximately an hour four times a day, that she had back surgery in 1998 and continues to experience back pain, and that she has psoriasis. (Tr. 32-35). In response to questioning by her attorney, the claimant indicated that her weight was around 400 pounds but that she is not sure of her exact weight. (Tr. 38). As to her limitations, the claimant stated that she has difficulty sitting and has to frequently move around, and even with moving around can only sit around 30 minutes. (Tr. 39-40). She said that standing was even harder, and she could only do that for 10-15 minutes, and that she has to lie down at least four times a day. (Tr. 40).

Social Security Ruling 02-1p states that the effects of obesity must be considered throughout the sequential evaluation process. *See* Soc. Sec. Rul. 02-1p, 2000 WL 628049 at *1 (Sept. 12, 2002). The Listing of Impairments with regard to the Musculoskeletal System references obesity and explains that "[t]he combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately." The ALJ "must consider any additional and cumulative effects of obesity" when assessing an individual's RFC. 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. A, 1.00 Musculoskeletal System, Q. However, "[o]besity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment." Soc. Sec. Rul. 02-1p, 2000 WL 628049, at *6 Therefore, "[a]ssumptions about the severity or functional effects of obesity combined with other impairments [will not be made]," and "[w]e will evaluate each case based on the information in the case record." *Id.*

The ALJ found at step two that the claimant's obesity was a severe impairment,

but did not consider its effects on her other impairments or her ability to perform work at step four. At step four, the ALJ summarized the claimant's testimony and the evidence in the record, and appears to have adopted in its entirety an RFC Assessment performed by a State reviewing physician on January 4, 2010, which, *inter alia*, stated that the claimant's hyptertension and obesity supported a finding that the claimant should avoid concentrated exposure to extreme heat. (Tr. 246-252). As relevant, he recited the claimant's hearing testimony that her weight was around 400 pounds but that she had difficulty getting weighed, that she has struggled with her weight her entire life, and that she reports no success with diet and exercise. (Tr. 14-15). He further noted the claimant's weight when it was recorded at different places in the medical records. (Tr. 14-16). Without making reference to Social Security Ruling 02-1p, the ALJ's entire analysis as to the claimant's weight is as follows: "[T]he claimant has been counseled by physicians in reference to diet/exercise, however, there is no indication that the claimant has heeded such recommendations, as she continues to gain weight." (Tr. 16). The ALJ then discounted the claimant's alleged limited daily activities because (i) they could not be objectively verified; and (ii) even if there were as limited as alleged, it was difficult to attribute that to the claimant's medical condition. (Tr. 17).

Although the ALJ *did discuss* each impairment separately, he failed to discuss whether any of the medical evidence demonstrated any additional and cumulative effects. *See, e. g., Fleetwood v. Barnhart*, 211 Fed. Appx. 736, 741-42 (10th Cir. 2007) (noting that "obesity is [a] medically determinable impairment that [the] ALJ must consider in evaluating disability; that [the] combined effect of obesity with other impairments can be

greater than effects of each single impairment considered individually; and that obesity must be considered when assessing RFC."), *citing* Soc. Sec. Rul. 02-01p, 2000 WL 628049, at *1, *5-*6, *7; *Baker v. Barnhart*, 84 Fed. Appx. 10, 14 (10th Cir. 2003) (noting that the agency's ruling in Soc. Sec. Rul. 02-01p on obesity applies at all steps of the evaluation sequence). Instead, he simply adopted wholesale the RFC prepared by the State reviewing physician. *Hamby v. Astrue*, 260 Fed. Appx. 108, 112 (10th Cir. 2008) (discussing requirements of SSR 02-01p and finding that "the ALJ provided no discussion of the effect of obesity on Ms. Hamby's other severe impairments.") [unpublished opinion]. *See also DeWitt v. Astrue*, 381 Fed. Appx. 782, 785 (10th Cir. 2010) ("The Commissioner argues that the ALJ adequately considered the functional impacts of DeWitt's obesity, given that the ALJ's decision recognizes she is obese and ultimately limits her to sedentary work with certain restrictions. But there is nothing in the decision indicating how or whether her obesity influenced the ALJ in setting those restrictions. Rather it appears that the ALJ's RFC assessment was based on 'assumptions about the severity or functional effects of [DeWitt's] obesity combined with [her] other impairments' – a process forbidden by SSR 02-1p." ), *citing* Soc. Sec. R. 02-1p, 2000 WL 628049, at *6.

Accordingly, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis of the claimant's obesity and whether it had additional and cumulative effects when assessing her RFC. If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

**Conclusion**

In summary, the undersigned Magistrate Judge PROPOSES a finding by the Court that correct legal standards were not applied and that the decision of the Commissioner is therefore not supported by substantial evidence. The undersigned Magistrate Judge therefore RECOMMENDS that the Commissioner of the Social Security Administration's decision be REVERSED and the case REMANDED to the ALJ for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 7th day of September, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma